**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CIRILIEN JULES,<br><br>   Petitioner,<br><br>  v.<br><br>STATE OF NEW JERSEY,<br><br>   Respondent. | Civil No. 08-279 (PGS)<br><br><br>**OPINION** |

**APPEARANCES:**

  CIRILIEN JULES, Petitioner pro se
  # 195307
  Hudson County Correctional Center
  35 Hackensack Avenue, E 500 South
  Kearny, New Jersey 07032

**SHERIDAN, District Judge**

  This matter is before the Court on the petition of Cirilien Jules ("Jules") for habeas corpus relief under 28 U.S.C. § 2241, challenging his 1999 state court conviction. For the reasons set forth below, the Court will dismiss this petition, more properly recharacterized as a habeas petition under 28 U.S.C. § 2254, because it is a second or successive habeas petition. See 28 U.S.C. § 2244(b).

        I. BACKGROUND

  In his habeas petition, Jules alleges that he was convicted on or about November 5, 1999, before the Honorable Camille M.

Kenny, J.S.C., in the Superior Court of New Jersey, Hudson County, on charges of armed robbery and weapons offenses. He filed a direct appeal from his conviction and sentence without success. Thereafter, Jules filed several state court petitions for post-conviction relief ("PCR"), the last petition having been denied on or about May 26, 2005. Jules pursued an appeal from the state court order, but the Superior Court of New Jersey, Appellate Division affirmed the trial court's denial of the second PCR petition on or about January 23, 2007.

Jules admits that he filed his first federal habeas petition, pursuant 28 U.S.C. § 2254, on or about March 7, 2007. In that petition, Jules challenged the very same state court conviction, alleging various claims of constitutional violations, including ineffective assistance of trial counsel. See Jules v. Balicki, et al., Civil No. 07-1106 (SRC)(Docket Entry No. 1). The Honorable Stanley R. Chesler, U.S.D.J., denied the habeas petition for lack of merit on December 21, 2007. See Jules v. Balicki, et al., Civil No. 07-1106 (SRC)(Docket Entry Nos. 17 and 18).

Petitioner filed this second action on or about January 14, 2008, challenging the very same conviction on similar grounds. However, without explanation, Jules characterizes this second action as a petition for review under 28 U.S.C. § 2241 and/or the "All Writs Act", 28 U.S.C. § 1651. Jules does not state whether

he first sought permission from the United States Court of Appeals for the Third Circuit to file a second or successive habeas petition, which he otherwise would be required to do under 28 U.S.C. § 2244(b)(3)(A).

## II.  ANALYSIS

### A.  Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B. <u>Petitioner's Claims for Habeas Relief</u>

Here, Jules asserts general claims of error and defects in his indictment and state court conviction, as well as a claim of ineffective assistance of trial counsel. Generally, challenges to a state court conviction are properly pursued under 28 U.S.C. § 2254. It is not entirely clear whether the exact claims now asserted by petitioner were actually raised in his first federal habeas petition under 28 U.S.C. § 2254. In any event, Jules provides no explanation or excuse for bringing this challenge to his state court conviction as a petition under § 2241 or § 1651, other than that he filed an earlier § 2254 habeas petition in which relief was denied.

Pursuant to 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive application under section 2254 that was presented in a prior application shall be dismissed."

Under 28 U.S.C. § 2244(b)(2), a claim presented in a second or successive § 2254 petition that was not presented in an earlier § 2254 petition must be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

4

28 U.S.C. § 2244(b)(2)(A), (B).

Moreover, the district court lacks jurisdiction to review a second or successive habeas petition under § 2254 unless the appropriate court of appeals has issued an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Here, Jules attempts to circumvent the gatekeeping requirements under § 2254, as set forth in 28 U.S.C. § 2244, by characterizing his action as a petition under 28 U.S.C. § 2241 or § 1651. Petitioner provides no explanation for his chosen avenues for review of his state court conviction. Moreover, Jules' claims of ineffective assistance of counsel, prosecutorial misconduct, and "controversial" testimony by a police officer, are the type of claims properly asserted in a habeas petition under § 2254. That petitioner may have failed to present these claims in his first § 2254 habeas petition does not allow him a second bite at the apple by means of a different vehicle for relief. Therefore, this Court properly re-characterizes Jules' action as a petition for habeas relief under 28 U.S.C. § 2254.

Consequently, because Jules cannot proceed with his second or successive § 2254 habeas petition in this Court, pursuant to 28 U.S.C. §§ 2244(b)(1) and (2), his petition should be dismissed for want of jurisdiction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Thus, a second or successive § 2254 petition in this instance may be brought in the district of conviction only if the applicable Court of Appeals, *i.e.*, the United States Court of Appeals for the Third Circuit, has authorized such filing. 28 U.S.C. § 2244(b)(3)(A).

Here, under the circumstance presented, where Jules has failed to allege any of the factors under 28 U.S.C. § 2244(b)(2)(A) or (B), and cannot demonstrate that the issues he raises here were not earlier presented in his first habeas petition, this Court finds that it is not in the interest of justice to transfer this matter to the Third Circuit for determination as to whether the second or successive petition satisfies the requirements under 28 U.S.C. § 2244(b)(2). Therefore, the petition will be dismissed for lack of jurisdiction.

### III. CONCLUSION

For the reasons set forth above, the petition will be dismissed for lack of jurisdiction, pursuant to 28 U.S.C. § 2244(b)(2), without prejudice to petitioner bringing an

6

application before the United States Court of Appeals for the Third Circuit for leave to file a second or successive § 2554 habeas petition, pursuant to 28 U.S.C. § 2244(b)(3). An appropriate order follows.

                                              _____
                                              PETER G. SHERIDAN
                                              United States District Judge

Dated: January 25, 2008